UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EMILIO PINERO,
    Plaintiff,

vs.

OPPORTUNITY GLOBAL INC.,
    Defendant.

## COMPLAINT

Plaintiff, EMILIO PINERO (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendant, OPPORTUNITY GLOBAL INC. (hereinafter, "Defendant"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2.      The subject property is a retail shopping plaza located at 8335-8353 Bird Road, Miami, FL 33155 (hereinafter, the "Subject Premises").

3.      All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the Subject Premises are located in the Southern District and Miami-Dade County.

## PARTIES

4.      Plaintiff, EMILIO PINERO, is over the age of 18, *sui juris*, and a resident of Miami-

Dade County, Florida. Plaintiff is a double-leg amputee from the knee down, which limits his major life activities including but not limited to walking and require the use of mobility aids. Plaintiff is a qualified individual under the ADA.

5. Defendant, OPPORTUNITY GLOBAL INC., is a Florida profit corporation which is authorized to and does transact business in the State of Florida and within this judicial district.

6. Pursuant to the Miami-Dade County Property Appraiser's Office, Defendant, OPPORTUNITY GLOBAL INC., is the owner of the Subject Premises.

7. Records maintained by the Miami-Dade County Department of Regulatory and Economic Resources reflect that multiple Unincorporated Certificates of Use were issued for the Subject Premises, including as recently as 2025.

8. The shopping plaza located at 8335 Bird Road, Miami, Florida, is a commercial retail property offering space for various businesses and establishments open to members of the general public, including, restaurants, retail stores, and other service-oriented businesses. The property allows individuals to enter the premises and access the businesses located therein, which operate as places of public accommodation. The Plaintiff appreciates the availability of the goods and services offered by the businesses located at the Subject Premises. However, despite the Plaintiff's interest in accessing the plaza and its tenant businesses, significant accessibility barriers impede the Plaintiff's ability to fully and equally access and utilize the property and the goods and services offered therein, in violation of the ADA.

### FACTUAL ALLEGATIONS AND CLAIM

9. Plaintiff, in his individual capacity, visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these

2

barriers and the Defendant's failure to comply with ADA regulations.

10. Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

11. Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

12. Beyond his personal interest in accessing the Subject Premises, Plaintiff is an advocate for individuals with disabilities and is committed to asserting his civil rights and the rights of others similarly situated.

13. Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

14. Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

15. As the Subject Premises was designed, constructed, and received its Certificate of Use in 2025, Plaintiff asserts that the ADA violations at the property are intentional and will not be corrected without Court intervention, further exacerbating the harm Plaintiff has suffered and

3

will continue to endure.

16.     The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

17.     Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendant's failure to address the ADA violations described herein.

18.     Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendant's actions or inactions in remedying these violations.

19.     Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

20.     Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

**COUNT I**
**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

21.     Plaintiff restates Paragraphs 1-20 as though fully set forth herein.

22.     Defendant, OPPORTUNITY GLOBAL INC., has discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the

ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

23. OPPORTUNITY GLOBAL INC., as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

24. The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

### Exterior Accessible Route

**i. Accessible Route Not Provided**
An accessible route from parking, public streets, and sidewalks to the plaza entrances is not provided due to the curb ramp projecting into the access aisle creating excessive slopes and missing International Symbol of Accessibility signage at entrance doors throughout the plaza, preventing Plaintiff and other individuals with mobility impairments from accessing the Subject Premises. This is a violation of ADAAG §§206, 206.2.1, 216, 216.6, 502, and 502.1. Providing a compliant accessible route is readily achievable.

**ii. Missing International Symbol of Accessibility Signage at Entrances**
Required International Symbol of Accessibility signage is not provided at the entrances throughout the facility, preventing Plaintiff and other disabled individuals from identifying accessible entrances. This is a violation of ADAAG §§216 and 216.6. Installing compliant signage is readily achievable.

### Parking Area

**iii. Required Van Accessible Parking Signage Not Provided**
The accessible parking space does not provide required "van accessible" signage, preventing Plaintiff and other individuals with mobility impairments from accessing appropriate parking. This is a violation of ADAAG §502.6. Installing compliant van-accessible signage is readily achievable.

**iv. Curb Ramp Encroaches into Access Aisle Creating Excessive Slopes**
The curb ramp projects into the access aisle and creates slopes exceeding 2.1% in all directions, preventing Plaintiff and other wheelchair users from safely using the access aisle. This is a violation of ADAAG §502.4. Reconfiguring the curb ramp is readily achievable.

**v. Insufficient Number of Accessible Parking Spaces**
The plaza parking lot does not provide the minimum required number of accessible parking spaces for a parking facility containing 28 parking spaces, preventing Plaintiff and other individuals with mobility impairments from accessing compliant parking accommodations. This is a violation of ADAAG §§208, 208.2, and 502. Providing the required number of compliant accessible parking spaces is readily achievable.

25. Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendant is compelled to remove these barriers and comply with the ADA.

26. Alternatively, to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff, MR. PINERO, is a staunch and devoted advocate of the rights of similarly situated disabled persons and is a "tester" for the rights of individuals with disabilities to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

27. Plaintiff lives approximately four (4) miles from the Subject Premises and intends to return within the next six (6) months to ensure accessibility for individuals with physical disabilities and to avail himself of the goods and services therein. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete, if he is able to do so.

28. The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. §

36.304.

29.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

30.     Plaintiff seeks an injunction requiring Defendant to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

31.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

32.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,


/s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
  *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, Florida 33432
844-702-8867
WassenbergL@gmail.com

8